IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRED N. GENNA                                                          PLAINTIFF


v.                                    CIVIL NO. 5:25-cv-05175


FRANK BISIGNANO, Commissioner                                         DEFENDANT
Social Security Administration


**<u>MEMORANDUM OPINION</u>**


Plaintiff, Fred N. Gena, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying his

claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social

Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court

must determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision. *See* U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on January 25, 2023. (Tr. 18). In his

application, Plaintiff alleged disability beginning on January 18, 2015, due to: PTSD, major

depressive disorder, traumatic brain injury, sleep apnea, and a lumbar condition. (Tr. 18, 262). An

administrative hearing was held via video on July 25, 2024, at which Plaintiff appeared with

counsel and testified. (Tr. 38–61). A vocational expert ("VE") also testified.  *Id*.

On August 9, 2024, the ALJ issued an unfavorable decision. (Tr. 15–32).  The ALJ found

that Plaintiff met the insured status requirements of the Act through June 30, 2021. (Tr. 20). The

ALJ found Plaintiff suffered from the severe impairments of major depressive disorder and PTSD.

(Tr. 20). The ALJ considered Plaintiff's allegations of Crohn's disease and found that this was not

1

a medically determinable impairment during the relevant time period.  (Tr. 21). The ALJ found

that obesity, history of traumatic brain injury, obstructive sleep apnea, and history of lumbar strain

were not severe impairments. *Id*. The ALJ found Plaintiff's impairments did not meet or medically

equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Tr. 21–24).  The ALJ found that, through the date last insured, Plaintiff retained the residual

functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following
> nonexertional limitations: the claimant could understand, remember, and carry out
> simple instructions and sustain attention and concentration for simple tasks
> requiring little independent judgment and minimal variations and perform in a work
> environment that does not involve a specific production rate pace, such as assembly
> line work or an hourly production quota. The claimant could occasionally interact
> with supervisors and coworkers with no work-related interaction with the public
> and respond to changes in a routine work setting.
> (Tr. 24–31).

 The ALJ found Plaintiff had no past relevant work but, based upon the testimony of the

VE, could perform the representative occupations of industrial cleaner, industrial sweeper cleaner,

or housekeeping cleaner. (Tr. 31–32). The ALJ found Plaintiff was not disabled from January 18,

2015, through June 30, 2021, the date last insured.  (Tr. 32).

Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned

pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the

case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003).  So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ improperly weighed the available medical evidence; 2) whether the ALJ erred in relying upon hypotheticals based on deficient RFC findings. (ECF No. 11). Plaintiff argues that the ALJ erred in how he considered Plaintiff's frequent mental health treatment, VA disability ratings, and fluctuations in his symptoms of PTSD. (ECF No. 11, p. 4).  Plaintiff also argues the ALJ should have considered post review period difficulties with law enforcement and relationships which required increased treatment. *Id*. Plaintiff overall argues the ALJ failed to consider the entirety of Plaintiff's medical evidence and the record as a whole. (ECF No. 11, p. 6).  Finally, Plaintiff argues the ALJ's deficient RFC lead to inaccurate hypotheticals being posed tot eh VE. (ECF No. 11, pp. 6–9). Defendant argues that the ALJ properly evaluated Plaintiff's impairments under the regulations, and Plaintiff is simply asking the court to reweigh the evidence. (ECF No. 13, pp. 1–4). Finally, Defendant argues that the ALJ's hypotheticals to the VE reflected the ALJ's properly formed and supported RFC findings. (ECF No. 13, pp. 5–7).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered Plaintiff's treatment history, function reports, and testimony and appropriately weighed

the evidence regarding the limitations his combined impairments would impose. (Tr. 24–31). The ALJ considered and carefully weighed the medical opinions in the record and included limitations which accounted for all of his impairments. *Id*. For the reasons stated in the ALJ's opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

IT IS SO ORDERED this 1st day of June 2026.

/s/*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4